# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RACHEL BREEDLOVE,<br>Appellant, | DOCKET NUMBER<br>AT-1221-19-0402-W-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>AFFAIRS,<br>Agency. | DATE: May 9, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Rachel Breedlove</u>, Rock Hill, South Carolina, pro se.

<u>Brandi M. Powell</u>, Esquire, New Orleans, Louisiana, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision.

## BACKGROUND

The appellant is a GS-13 Lead Human Resources Specialist (Classification) in the Consolidated Classification Unit (CCU) of the agency's Veterans Integrated Service Network 16. Initial Appeal File (IAF), Tab 1 at 1, 13, 425. On October 24, 2018, the appellant's supervisor issued the appellant a written admonishment based on the way she comported herself during an October 1, 2018 meeting, describing her tone as "demeaning, confrontational, hostile and intimidating." *Id*. at 29-30. On December 7, 2018, the appellant received her evaluation for the 2017-2018 performance year, with a summary rating of "fully successful." *Id*. at 411-15; 972.

The appellant filed a complaint with the Office of Special Counsel (OSC), alleging that the admonishment and the performance rating were in retaliation for protected disclosures. *Id*. at 646-57, 841-44. Before OSC issued a decision on the appellant's complaint, but after more than 120 days had elapsed, she filed the instant IRA appeal. *Id*. at 2-7; *see* 5 U.S.C. § 1214(a)(3)(B).

After a hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action on the merits. IAF, Tab 41, Initial Decision (ID). He found that the appellant had exhausted her administrative

remedies before OSC and that she proved by preponderant evidence that she made protected disclosures during the October 1, 2018 staff meeting, which were a contributing factor in the admonishment and the performance evaluation. ID at 21-23. Nevertheless, the administrative judge found that the agency proved by clear and convincing evidence that it would have taken the same actions even absent the appellant's disclosures. ID at 24-28.

The appellant has filed a petition for review, disputing the administrative judge's findings and his analysis of the agency's affirmative defense. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## ANALYSIS

It is undisputed that the appellant proved her case in chief, i.e., that she made protected disclosures that were a contributing factor in two personnel actions, and that she exhausted her administrative remedies with OSC. ID at 21-24; *see Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). The issue at this stage of the proceedings is whether the agency proved its affirmative defense. Under 5 U.S.C. § 1221(e), if the appellant proves that her protected disclosure was a contributing factor in a personnel action, the Board will order corrective action unless the agency proves by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected activity. *Salerno*, 123 M.S.P.R. 230, ¶ 5.

Considering the evidence as a whole, we find the agency proved by clear and convincing evidence that it would have admonished the appellant for her conduct at the October 1, 2018 staff meeting, and assigned her the same performance rating, even in the absence of her protected activity. ID at 27-28. This is especially so considering the administrative judge's demeanor-based credibility determinations and her supervisor's explicit denial that her admonishment and performance rating had anything to do with her protected

activity. Hearing Recording, Day 1, Track 3 at 19:35.[2] We further find that the appellant's other arguments on petition for review, including assertions regarding the contents of the electronic case file, the agency's alleged violation of her First Amendment rights, and challenges to various rulings and findings by the administrative judge, provide no basis for disturbing this result. *See Van Ee v. Environmental Protection Agency*, 64 M.S.P.R. 693, 699 (1994) (first Amendment claims may not be heard in the context of an IRA appeal); *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Although we disagree with the administrative judge's finding that the appellant's supervisor lacked a substantial motive to retaliate because of the appellant's whistleblowing activity, we conclude that this circumstance is outweighed by the other factors and evidence in this case.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:　　　　　　　_____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.